

FILED

OCT  2005

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| MARISOL C. LOPEZ ) | No. 4-04-bk-00002-JMM |
| ) | |
| Debtor. ) | Adversary No. 4-05-ap-00190-JMM |
| ) | |
| SANDRA MINJAREZ, ) | **MEMORANDUM DECISION** |
| ) | |
| Plaintiff, ) | **(PHASE II ISSUES)** |
| vs. ) | |
| ) | (Opinion to Post) |
| MARISOL C. LOPEZ, ) | |
| ) | |
| Defendant. ) | |

Phase II of the above-captioned adversary proceeding took place on October 25, 2005. On September 15, 2005, the court determined the primary legal issue in Phase I of the case. The court found that the parties' legal relationship was that of landlord and tenant. It then noted that the trial on Phase II issues was to proceed on the four remaining legal points, viz:

1. Whether stay relief should be granted;
2. Whether the Debtor will assume or reject the lease, and cure arrearages;
3. Whether the Debtor is entitled to reimbursement for improvements made, and if so, in what amounts; and
4. Whether offset applies.

## Assumption or Rejection

Pursuant to 11 U.S.C. § 365(b), if there has been a default in payment of a lease, a debtor may not assume it unless it cures any delinquencies either at the time of assumption or within a "prompt" time thereafter. A debtor must also provide adequate assurance of future performance.

h:\wp\orders\

Here, the Debtor has elected to reject the lease. Accordingly, it will be ordered that the lease is rejected.

**Stay Relief**

Since Debtor has chosen to reject the lease, the court finds that there is cause, at this time, to lift the automatic stay. The stay will be lifted, and the case remanded to the state court for issuance of any writs of restitution . Any claim for damages shall be filed with the bankruptcy court.

**Reimbursement for Improvements**

Debtor contends that she has spent in excess of $15,000 (Ex. G) for repair and/or improvements to the landlord's property, and contends that landlord should reimburse her therefor. The court disagrees. Having found the parties' legal relationship to be that of landlord and tenant, any obligation for reimbursement for improvements should be contained in the written agreement between them. Upon review, the agreement (Ex.1) contains no obligation for the landlord to reimburse the Debtor for such matters. Ms. Minjarez, the only witness on the issue, testified that she was never asked about these. Moreover, she testified that she did not give permission for such improvements. Thus, the Debtor is, in the eyes of the law, strictly that of a "volunteer" for any improvements made, and is not entitled to reimbursement from the landlord.

Therefore, the court finds in favor of the landlord on this issue.

**Offset for $5,000/Administrative Expense**

In the previous phase of this case, the court found that the Debtor's payment of $5,000, intended as a partial down payment for what she believed to be a purchase, was to be returned to her.

However, the landlord/creditor has claimed an offset therefor. The Debtor filed her chapter 13 case on January 2, 2005. Here, the evidence reflects that post-petition, the landlord was holding $5,000, and later, the Debtor became post-petition delinquent in her monthly payments to the landlord in the amount of approximately $830 per month. Her arrearages began on February 1, 2005. The issue of whether the landlord is entitled to offset the $5,000 against the amount due her, post-petition (Ex. 6 and 9) is taken under advisement. The parties will submit briefs on the issue within ten days.

## Summary of Ruling

1. The lease is rejected;

2. The stay is modified to allow Ms. Minjarez to return to state court to exercise her remedies relative to regaining possession. The clerk of the bankruptcy court shall transmit any original state court file back to such court;

3. The Debtor is not entitled to reimbursement for alterations or improvements made to the property; and

4. The offset/administrative claim issue is taken under advisement.

DATED: October 25, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

```
 1 │ COPIES served as indicated below this 25
   │ day of October, 2005, upon:
 2 │
   │ Dean Loren Axelrod
 3 │ Law Office of Dean Axelrod, PLC
   │ 2730 E. Broadway, #160
 4 │ Tucson, AZ 85716
   │ Email: dean.axelrod@azbar.org
 5 │
   │ Eric Ollason
 6 │ 182 N. Court Ave.
   │ Tucson, AZ 85701
 7 │ Email eollason@182court.com
 8 │ George D. Carroll
   │ 252 W. Ina Rd., Suite 203
 9 │ Tucson, AZ 85704-0001
   │ Email gdcarroll@dcktrustee.com
10 │ Attorney for Chapter 13 Trustee
11 │ Dianne C. Kerns
   │ 7320 N. La Cholla #154
12 │ PMB 413
   │ Tucson, AZ 85741-2305
13 │ Email andrea.hopkins@dcktrustee.com
   │ Chapter 13 Trustee
14 │
   │ Office of the United States Trustee
15 │ 230 North First Avenue, Suite 204
   │ Phoenix, AZ 85003-1706
16 │ U.S. Mail
17 │
18 │ By _MB Thompson_____
   │      Judicial Assistant
19 │
```

h:\wp\orders\                                    4